IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JIMMY PHILLIPS                                                                                           PLAINTIFF

V.                                      NO.  2:06cv00194 JLH-JWC

DR.  YEE YANG, et al                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I.  Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

On March 7, 2007, Plaintiff submitted a change of address, indicating that he was no longer incarcerated in the Arkansas Department of Correction (see docket entry #27). When a plaintiff proceeding in forma pauperis is released from confinement, the Court's policy is to require re-submission of a financial affidavit to determine whether the plaintiff should be required to pay all, or a portion of, the remaining fees and costs of the lawsuit. Therefore, by order entered March 8, 2007 (see docket entry #28), Plaintiff was directed to resubmit his request to proceed in forma pauperis on or before April 9, 2007, if he wished to continue with his lawsuit.  Plaintiff was warned that his failure to make a timely response to the Court's order would result in the recommended dismissal of his case for failure to prosecute and for failure to respond to the Court's orders.  Moreover, Plaintiff was advised that such a dismissal would count as a "strike" pursuant to 28 U.S.C. § 1915(g) as frivolous.

On April 2, 2007, Defendants Yang and Correctional Medical Services, Inc. filed a motion to dismiss and brief in support (see docket entries #34, #35) in which they sought

dismissal of Plaintiff's complaint on the grounds that he had failed to exhaust his administrative remedies. By order entered April 2, 2007 (see docket entry #36), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion to dismiss and was given through May 3, 2007, to do so.

Neither of the Court's orders have been returned, and no responsive filings have been received from Plaintiff, despite the Clerk's certifications that copies of the orders were mailed to him personally the same days as entered at his last known address (see docket entries #29, #37).[1] In addition, the file reflects no communication from him since March 7, 2007, when he filed his notice of change of address. For these reasons, Plaintiff's case should be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's orders. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

---

[1] 6612 Juniper Road, Little Rock, Arkansas 72209.

1. Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2. All pending motions should be DENIED AS MOOT.

3. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 10th day of May, 2007.

                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.